UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES BENJAMIN WALTERS, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:08-cv-499 |
| | ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE, et al., | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by the defendants and plaintiff's response thereto. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**.

I. Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II. Factual Background

Plaintiff filed this action during his confinement in the Claiborne County Jail; he is now confined in the York County Detention Center in York, South Carolina. The defendants are the State of Tennessee and Melanie Greggory. According to plaintiff, Ms. Greggory is employed by the Tennessee Correctional Institution and is the head inspector of prisons and jails in East Tennessee.

Plaintiff alleges he is a Wiccan and, as such, is also a vegan. Plaintiff alleges that after a discussion with Claiborne County Jail officials concerning pork in his diet, Ms. Greggory was contacted and she told plaintiff over speaker phone that Wicca is not a recognized religion in Tennessee jails and prisons pursuant to state policy. Ms. Greggory also allegedly told plaintiff that, because Wicca is not recognized as a religion by the State of Tennessee, the study of Wicca would not be allowed in state and county facilities and that plaintiff would no longer be allowed a vegetarian diet. Plaintiff testifies that his religious literature and prayer tools were subsequently removed by jail authorities.

For relief sought, plaintiff stated in his complaint the following:

> I would like for the court to rule that Wicca or any religion for that matter be recognized in Tennessee prison & county jails. I would also like for the court to award myself punitive damages of $2,000,000 from the state of Tennessee and Melanie Greggory in her official capacity for the 2 violations of my 1st Amendment rights and the Freedom of Religion Clause.

[Doc. 3, Civil Rights Complaint, p. 5].

Defendants, through counsel, move to dismiss the complaint for failure to state a claim for relief and rely on Eleventh Amendment immunity. Defendants argue that the State of

2

Tennessee is immune from suit and that Melanie Greggory is also entitled to immunity because she has been sued only in her official capacity. In response to the motion to dismiss, plaintiff contends that his complaint indicates that he clearly meant to sue Melanie Greggory in her full capacity, which would include her individual capacity.

III.    Discussion

The State of Tennessee is not a suable entity under § 1983 and is immune from suit pursuant to the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332 (1979); *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986); *American Civil Liberties Union of Tennessee v. State of Tennessee*, 496 F. Supp. 218 (M.D. Tenn. 1980). The immunity extends to claims for injunctive relief. "[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief." *Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000).

A state official may be held personally liable under § 1983 in his individual capacity for actions taken in his official capacity. *Hafer v. Melo*, 502 U.S. 21 (1991). However, if a defendant is sued only in his official capacity and only for money damages, then that defendant is entitled to absolute immunity under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

In *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989), the Sixth Circuit held that an inmate seeking damages under 42 U.S.C. § 1983 must clearly set forth in his pleadings that he is suing a state official in an individual capacity and not merely in an official capacity:

> [T]he face of a complaint must indicate whether a plaintiff seeks to recover damages from defendants directly, or to hold the state responsible for the conduct of its employees. ... It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.
>
> . . .
>
> Accordingly, because the Eleventh Amendment places a jurisdictional limit on federal courts in civil rights cases against states and state employees, we understand Rule 9(a) [of the Federal Rules of Civil Procedure] to *require* plaintiffs to properly allege capacity in their complaint.

*Id*. at 593 (internal citations omitted). *See also Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993) ("[T]he distinction between an official capacity and an individual capacity suit is significant.").

As noted by the Sixth Circuit, it is "preferable that plaintiffs explicitly state whether a defendant is sued in his or her '"individual capacity."'" *Moore v. Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (citation omitted). Nevertheless, if a plaintiff fails to do so, the Sixth Circuit has adopted "a 'course of proceedings' test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable." *Id*. Thus, a court must consider the complaint taken as whole, as well as "such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to

4

determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* n.1 (citation omitted).

In this case, the face of the original complaint does not state that Melanie Greggory is being sued in her individual capacity but rather states clearly that she is being sued for money damages in her official capacity. It is clear from the allegations of the complaint that Ms. Greggory is being sued in her official capacity as a director of correctional facilities. In his response to the motion to dismiss, plaintiff alleges the complaint indicates his intent to sue Ms. Greggory in her full capacity, including her individual capacity. Nevertheless, the allegations in plaintiff's response characterize Ms. Greggory's "conduct in terms of [her] official capacity" and plaintiff's comment regarding individual capacity "does not convert this lawsuit from a suit against the [defendant's] offices to one that sufficiently alerts [Ms. Greggory] that [she] may be personally accountable for any damages liability." *Wells v. Brown*, 891 F.2d at 593. Accordingly, the Court finds that Ms. Greggory is entitled to absolute immunity from an award of money damages in this action.

Ms. Greggory's immunity from an award of money damages does not preclude plaintiff's claims for injunctive relief against her in her official capacity. *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996). As the Court has noted, however, plaintiff is no longer confined in a jail or other correctional facility in the State of Tennessee, and therefore his claims for injunctive relief are moot. *See Cardinal v. Metrish*, 564 F.3d 794, 798-99 (6th Cir. 2009) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility)).

IV.     Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED**.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**


                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE